## FARLEY v. UVALDE PAVING CO.
### No. 3055.

Court of Civil Appeals of Texas. El Paso.
July 26, 1934.

Claud C. Westerfeld, of Dallas, for appellant.

Bartlett, Thornton & Montgomery, of Dallas, for appellee.

PELPHREY, Chief Justice.

On July 3, 1928, an ordinance was passed by the board of commissioners of the town of University Park, Tex., ordering the grading, filling, and paving of Milton street from the east line of Airline road to the east city limits, known as unit or district No. 37.

On the same date a resolution was passed approving plans and specifications which had been theretofore prepared by the city engineer.

On the same date a bid for paving the streets was submitted to the board by the Uvalde Paving Company and was accepted by a resolution of said board.

Contract was entered into between the mayor of the town of University Park and the Uvalde Paving Company on the 31st day of July, 1928, and on that date said written contract and the bond of Uvalde Paving Company were ratified, adopted, and approved by the board. Notice to property owners on the streets was given on August 7, 1928, and a date for hearing set on August 21, 1928.

On September 4, 1928, an ordinance was passed by the board levying an assessment against the abutting property to pay for the paving.

On December 26, 1928, special assessment certificates were issued by the town of University Park to the Uvalde Paving Company, among which was one for $229.77 against the property of appellant.

This suit was instituted by the town of University Park to collect the amount so assessed against appellant's property and to foreclose its lien on the property.

Uvalde Paving Company, as the owner of the special assessment certificate, intervened and became the principal party plaintiff.

Appellant answered by a general demurrer, a general denial, and specially pleaded that the assessment was void for the following reasons: (1) That no preliminary estimate of the cost of the improvements was prepared; (2) because no evidence was introduced to snow that the property was benefited by the improvement; (3) and that the city engineer received 5 per cent. of the total cost.

The trial court, after having refused appellant's motion for an instructed verdict, submitted two special issues relating to attorney's fees in the trial court and in case of appeal. A verdict was instructed in favor of the Uvalde Paving Company and against appellant on the certificate.

Upon her motion for a new trial being overruled, Mrs. Farley has perfected this appeal.

### Opinion.

In her brief appellant presents twelve assignments of error and a like number of propositions.

Propositions 1 and 2 relate to the questions of a preliminary estimate of the cost of the improvement and a hearing as to benefits or enhanced value by reason of the improvements.

Appellant contends that these matters are jurisdictional and that the burden was upon the paving company to show that a preliminary estimate of the cost was made and that a hearing on the question of benefits was had, and to support this contention she relies strongly upon the case of Evans v. Whicker (Tex. Civ. App.) 59 S.W.(2d) 420, 424.

We agree that the decision in that case supports her contention, but the Supreme Court in granting a writ of error held against the conclusion reached by the Court of Civil Appeals as to the recitations in the certificates. The court said: "The court erred in remanding and in not rendering, this cause (and in effect overruling appellant's assignment of error XXVIII) for the reason that the paving certificates sued on by appellant were regular on their face, and each contained recitations 'that all proceedings with reference to making such improvements have been regularly had in compliance with the law, the charter of said City and the terms of this certificate and that all prerequisites to the fixing of the lien and claim of personal liability evidenced by this certificate have been performed,' and under the decisions that the express terms of the paving statutes the introduction of such certificates in evidence made out a prima facie case of appellant's right to recover thereon, and no further proof was required and appellees introduced no evidence showing any invalidity in said proceedings." [1]

The certificate here sued on contains the following recital: "That all proceedings with reference to making said improvements have been regularly had in compliance with the terms of article 1105b, Revised Statutes of Texas, being chapter 106 of the Acts of the Fortieth Legislature of the State of Texas, and that all prerequisites to fixing of the lien and personal liability evidenced by the certificate have been performed; that said improvements have been completed by said contractor in compliance with the terms of said contract and other proceedings, and were accepted by said city on the 26th day of December, 1928."

In conformity with the above expression of the Supreme Court, we would be justified in holding that the recitals here are sufficient to make out a prima facie case of the validity of

---

[1] Memorandum entry on docket.

the certificate here offered in evidence, and that, there being no evidence offered by appellant to refute such recitals, the court properly held it valid.

■■ The fact that the city engineer was to receive, and did receive, 5 per cent. of the total contract price of all paving work, did not, in our opinion, render the contract void.

Interest of public officials charged with the making or ratifying of assessments for street or other improvements arising from the ownership of property directly affected by improvement does not create such a disqualification to act as to render their action void. Seymour v. Security Trust Co. of Austin (Tex. Civ. App.) 55 S.W.(2d) 853, and authorities cited. If this be true, then how can it be said that a contract would be void simply because the city engineer was to receive 5 per cent. on the total cost of paving done under that contract.

■ Regardless of whether or not we be correct in that conclusion, appellant cannot now complain of this fact by virtue of the provisions of section 9 of article 1105b, Vernon's Ann. Civ. St., which reads: "Anyone owning or claiming any property assessed, or any interest therein, or any railway, street railway, or interurban assessed or any interest therein, who shall desire to contest any such assessment on account of the amount thereof, or any inaccuracy, irregularity, invalidity, or with reference to such improvements, or on account of any matter or thing not in the discretion of the governing body, shall have the right to appeal therefrom and from such hearing by instituting suit for that purpose in any court having jurisdiction within fifteen (15) days from the time such assessment is levied; and anyone who shall fail to institute such suit within such time shall be held to have waived every matter which might have been taken advantage of at such hearing, and shall be barred and estopped from in any manner contesting or questioning such assessment, the amount, accuracy, validity, regularity and sufficiency thereof, and of the proceedings and contract with reference thereto and with reference to such improvements for or on account of any matter whatsoever. And the only defense to any such assessment in any suit to enforce the same shall be that the notice of hearing was not published or did not contain the substance of one or more of the requisites therefor herein prescribed, or that the assessments exceed the amount of the estimate, and no words or acts of any officer or employee of the city, or member of any governing body of the city, other than the action of the governing body shown in its written proceedings and records shall in any way affect the force and effect of the provisions of this Act." See, also, Seymour v. Security Trust Co. of Austin, supra.

■■ The provision in the contract that the paving company should so construct the improvements, and to use such materials in the construction of same, that it would be and remain in good repair and condition for and during a period of five years from the final completion and acceptance of the work, was nothing more or less than a guaranty that the paving would remain in good condition for a period of five years. This certainly could not be construed as a contract to repair highways, but was merely an added safeguard as to the material and workmanship to be used in the paving. Such a wise provision could not invalidate the contract. If more paving contracts contained such provisions, we should not have so many instances of it becoming necessary to replace paving long before the bonds given in payment of the original paving had matured. The contractor had a right to include the 15 to 35 per cent. to its bid to cover the cost of financing the certificates. Seymour v. Security Trust Co., supra.

■ Appellant requested the submission of special issues as to whether a preliminary estimate had been prepared; whether the 5 per cent. allowed the engineer on the total cost of paving was intended to influence him into agreeing to accept the highest rather than the lowest bid; whether the parties ever intended to collect the one-tenth of the cost from the town of University Park as called for by the contract; whether the receiving of the 5 per cent. by the engineer prevented him from representing the best interest of the property owners; and whether there was an agreement between the engineer and the other officials that the Uvalde Paving Company should have the contract and no other companies asked to bid.

These questions should have been raised within the time specified in the above-quoted section 9, and cannot now be urged.

■ Furthermore, the question of whether or not the one-tenth of the cost had been, or was intended to be, collected from the town of University Park, was a matter between the contractor and the town, and in no way affected appellant.

The judgment of the trial court is in all things affirmed.